Filed 2/3/15  Gerry v. Murphy CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| KEVIN GERRY,<br><br>　　　Cross-complainant and Appellant,<br><br>　　　v.<br><br>GLENN A. MURPHY et al.,<br><br>　　　Cross-defendants and Respondents. | B253747<br><br>(Los Angeles County<br>Super. Ct. No. BC458419) |

_____

APPEAL from a judgment of the Superior Court of Los Angeles County. Michael L. Stern, Judge.  Affirmed.

Kevin Gerry, in pro. per., for Cross-complainant and Appellant.

Glenn A. Murphy, in pro. per., and for Cross-defendant and Respondent Charles Williams.

Seyfarth Shaw, Eric R. McDonough; and Daniel R. Sable, for Cross-defendants and Respondents HEI Long Beach, LLC, Seyfarth Shaw LLC and Todd C. Hunt.

_____

This appeal is from a judgment following the trial court's granting of motions for directed verdicts. Appellant has failed to show error by the trial court. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**The Underlying Case and Interpleader Action**

Appellant Kevin Gerry (appellant) is an attorney who represented respondent Charles Williams (Williams) in a disability discrimination case against Hilton Hotels and others (the underlying case). After approximately 18 months, respondent Glenn A. Murphy (Murphy) substituted as counsel in place of appellant. In the underlying case, Williams named as defendants HEI Long Beach, LLC (HEI) and Ocean Park Hotels, Inc. (OPH). Respondents Todd C. Hunt and his law firm Seyfarth Shaw LLP represented HEI (collectively the HEI parties). OPH was represented by separate attorneys who are not parties to this appeal.

Murphy was successful in obtaining judgments against OPH and HEI in favor of Williams. Because there was a dispute as to whether appellant was entitled to attorney fees, OPH filed an interpleader action in Santa Barbara County (the OPH interpleader action). Following a bench trial, the trial court found that appellant was entitled to the full amount of interpleaded funds of approximately $27,000, based on his fee agreement with Williams and his attorney fees lien.

HEI, on the other hand, sent a check of approximately $12,000 to Murphy on behalf of Williams. No payment of attorney fees was made to appellant, who claims that he is owed such fees.

**The Instant Case**

Williams filed the instant case against appellant for malpractice and fraud. Appellant filed a cross-complaint against respondents Williams, Murphy and the HEI parties, seeking his attorney fees with respect to the judgment against HEI. The cross-complaint alleges causes of action for (1) intentional interference with prospective economic advantage, (2) breach of contract, (3) conversion, and (4) a common count for money had and received.

2

After the parties presented their "case[s] in chief" to a jury, each party moved for directed verdict, which the trial court granted. The court then entered judgment, stating that Williams shall take nothing by way of his complaint and appellant shall take nothing by way of his cross-complaint. Appellant's motion for reconsideration was denied. This appeal followed.

## DISCUSSION

Appellant contends that the trial court erred in directing a verdict against him on his cross-complaint, which he calls his "attorney lien dispute." Specifically, he argues that he "is entitled to recognition of the collateral estoppel—res judicata effect of the judgment in the [OPH] interpleader action."

### I. Standard of Review

"'A directed verdict may be granted only when, disregarding conflicting evidence, giving the evidence of the party against whom the motion is directed all the value to which it is legally entitled, and indulging every legitimate inference from such evidence in favor of that party, the court nonetheless determines there is no evidence of sufficient substantiality to support the claim or defense of the party opposing the motion, or a verdict in favor of that party. [Citations.]' [Citation.] On appeal, we decide de novo whether sufficient evidence was presented to withstand a directed verdict. [Citation.]" (*Bonfigli v. Strachan* (2011) 192 Cal.App.4th 1302, 1315.)

### II. Appellant Has Failed to Meet His Burden on Appeal

To prevail on appeal, appellant must show that there was substantial evidence presented at the trial on his cross-complaint to support a verdict in his favor. But appellant has not identified any evidence presented at trial. There is no reporter's transcript of the trial. And the judgment makes no reference to any testimony, witnesses, evidence or argument presented at trial. The judgment merely identifies the parties and their counsel, explains that a jury was empaneled and that the parties presented their cases in chief, and states that the court grants the motions for directed verdict on the complaint and cross-complaint. "'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to

3

which the record is silent, and error must be affirmatively shown.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Because appellant has failed to meet his burden of affirmatively demonstrating error by the trial court, our analysis ends here.

## DISPOSITION

The judgment is affirmed. Respondents are entitled to recover their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
       ASHMANN-GERST


We concur:


_____, P. J.
    BOREN


_____, J.
    CHAVEZ

4